IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOMER QUINTANILLA, ) | |
| ) | Case No. CV07-123-S-EJL (lead) |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| M.A. SHOEN, Disciplinary Hearing ) | |
| Officer, S.I.C.I., SERGEANT ) | |
| ANGELETTI, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| SAMUEL MEDINA, ) | Case No. CV07-126-S-EJL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| M.A. SHOEN, Disciplinary Hearing ) | |
| Officer, SERGEANT ANGELETTI, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| ROBERTO DOMINGUEZ, ) | Case No. CV07-178-S-EJL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| M.A. SHOEN, Disciplinary Hearing ) | |
| Officer, S.I.C.I., SERGEANT ) | |
| ANGELETTI, JOHN DOE, Counselor ) | |
| Therapeutic Community S.I.C.I., GARY ) | |

ORDER 1

BARRIER, Warden S.I.C.I.,   )
                            )
            Defendants.     )
_____ )
                            )
JUAN SAAVEDRA,              )   Case No. CV07-181-S-EJL
                            )
            Plaintiff,      )
                            )
vs.                         )
                            )
M.A. SHOEN, SERGEANT        )
ANGELETTI, GARY BARRIER,    )
                            )
            Defendants.     )
_____ )
                            )
MANUEL H. ROJAS,            )   Case No. CV07-236-S-EJL
                            )
            Plaintiff,      )
                            )
vs.                         )
                            )
M.A. SHOEN, Disciplinary Hearing  )
Officer, SERGEANT ANGELETTI, )
                            )
            Defendants.     )
_____ )

       Plaintiff Homer Quintanilla and representatives of the Idaho Attorney General's Office met on October 23, 2007, with United States District Court Judge William B. Shubb to attempt to informally resolve this matter prior to engaging in litigation. Judge Shubb has informed the Court that a settlement was not reached. Therefore, the Court will order the Clerk of Court to effect service of process on Defendants. After Defendants answer, the Court will set a discovery and dispositive motion schedule.

ORDER 2

Because this is a multi-plaintiff litigation, the parties shall be required to follow the additional case management procedures set forth herein below.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motions to Proceed in Forma Pauperis (Docket No. 1), previously mooted, are GRANTED. Plaintiffs are obligated to pay the statutory filing fee of $350.00 for this action; therefore, each of the five Plaintiffs will be responsible for $70.00. Plaintiffs will not be assessed an initial partial filing fee at this time. Separate orders directing the prison accounting department to withdraw monies from Plaintiffs' accounts to pay the filing fee will accompany this Order.

IT IS FURTHER HEREBY ORDERED that the named Defendants shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(b). Accordingly, the Clerk of Court shall forward a copy of the Complaints (Docket No. 2 in CV07-123; No. 2 in CV07-126; No. 3 in CV07-178; No. 3 in 07-181; and No. 3 in 07-236), and a copy of this Order, and a Waiver of Service of Summons to the following counsel:

Paul Panther, Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of all

ORDER 3

Defendants.

Should any entity determine that the individuals for whom it was served are not, in fact, its employees or former employees, or that its attorney will not be appearing for particular former employees, it should notify the Court's Pro Se Unit immediately in writing (Pro Se Unit, U.S. District Court, 550 West Fort Street MSC 042, Boise, ID 83724) or via the CM/ECF system, with a copy to Plaintiffs.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading

ORDER 4

or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1.  **The Court will not consider requests made in the form of letters**.  The parties shall not file requests for status reports in this case.

  IT IS FURTHER HEREBY ORDERED that each Plaintiff shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this case without further notice.

  IT IS FURTHER HEREBY ORDERED that no party shall file motions for default judgment in this case.  Defendants are permitted to file motion to dismiss under Rule 12 prior to filing answers if they choose to do so.

  IT IS FURTHER HEREBY ORDERED that no party shall file any non-dispositive motion that is more than five (5) pages in length, whether typed or handwritten.  (A dispositive motion is a motion to dismiss or a motion for summary judgment.)  No party shall file a motion regarding the same subject matter more than once, but the party shall wait for the Court to rule on that party's first motion.

  IT IS FURTHER HEREBY ORDERED that the parties shall follow the Federal Rules of Civil Procedure and the Local Rules when engaging in discovery.  The Court may order exceptions to those rules.  After answers are filed, each party to prepare a Rule 26(a)(1)(A)&(B) (only) initial disclosure statement to disclose witnesses/persons likely to have discoverable information and exhibits and tangible things, and shall exchange

ORDER 5

relevant documents.[1]  No interrogatories, requests for production, or requests for admission shall be exchanged until after the parties have reviewed the other parties' initial disclosures, and the parties shall narrow their requests based on the fact that the other parties have already produced those items listed in Rule 26(a)(1)(B).  No requests for discovery shall be submitted to the Court.  No motions to compel regarding discovery disputes shall be filed until after parties/counsel send out discovery, review the responses, and consult together to work out the discovery dispute.

IT IS FURTHER HEREBY ORDERED that the parties shall not file requests that the Court order the prison to change its rules and regulations regarding prisoner litigation.  Rather, Plaintiffs may write to or meet with Defendants' counsel and determine whether any special accommodations can be made to make litigation more efficient in this multiple-plaintiff litigation.

IT IS FURTHER HEREBY ORDERED that the parties shall not file motions for appointment of counsel in this case.  Court staff are attempting to find pro bono counsel

---

[1] Rule 26, provides, in pertinent part:
 (1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

for Plaintiffs.  If the Court is able to find willing counsel, that counsel will be appointed.  Plaintiffs should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d).  *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989).  Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment.  *Id.*  The Court has no funds to pay for attorney's fees in civil matters, such as this one.  Therefore, it is often difficult to find attorneys willing to work on a case without payment.  For these reasons, Plaintiffs should continue to attempt to find their own counsel on a contingency or other basis.

DATED:  **November 13, 2007**

/s/ Edward J. Lodge
Honorable Edward J. Lodge
U. S. District Judge

ORDER 7